# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND H. ELDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-545-RAW |
| | ) |
| CITY OF HENRYETTA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the plaintiff to remand. Plaintiff filed a petition (#3-2) in the District Court of Okmulgee County on November 25, 2014. In the first claim (labeled wrongful termination) plaintiff alleged that "the Defendants intentionally violated Plaintiff's constitutionally protected property interest in his position of employment as City Manager and later as Fire Marshal respectively." Defendants filed a notice of removal in this court on December 15, 2014, asserting federal question jurisdiction based upon the quoted statement. Defendants argued that "[a]lthough the Petition does not specifically reference the Fourteenth Amendment to the United States Constitution as the basis of the property interest claim for which relief would be sought under 42 U.S.C. §1983, Defendants assert that this could be the only basis of the claim as the Oklahoma courts do not recognize a private right of action under the Oklahoma Constitution for such a claim." (#3 at page 2 of 4, in CM/ECF pagination). Plaintiff did not file a motion to remand at the time.

At the pretrial conference on July 21, 2016, the court *sua sponte* raised the issue of jurisdiction.[1] Pursuant to 28 U.S.C. §1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The court struck the jury trial setting, pending briefing of the issue. The present motion was filed on August 4, 2016.

The court begins with a statement of general principles, although in this case (as will be discussed) the general principles themselves are disputed. "Under 28 U.S.C. §1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson,* 404 F.3d 1245, 1247 (10th Cir.2005). The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter. *Radil v. Sanborn Western Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir.2004).

The well-pleaded complaint rule requires that "the federal question giving rise to jurisdiction must appear on the face of the complaint." *Karnes v. Boeing Co.,* 335 F.3d 1189, 1192 (10th Cir. 2003). This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Felix v. Lucent Technologies,* 387 F.3d 1146, 1154 (10th Cir.2004).. A case arises under federal law if its well-pleaded complaint establishes either (1) that federal law creates the cause of action, or (2) that the

---

[1] A federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings. *State Farm Mut. Auto. Ins. Co. v. Narvaez,* 149 F.3d 1269, 1270-71 (10th Cir.1998).

2

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1232 (10th Cir.2006). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir.1982). Indeed, "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995).

Defendants argue that these general principles are now in doubt based upon the Supreme Court decisions in *Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691 (2003) and *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547 (2014). *Breuer* involved the question of whether a provision in the Fair Labor Standards Act providing state and federal courts with concurrent jurisdiction provided an express exception to the general authorization of removal under 28 U.S.C. §1441(a). That statute authorizes removal of any case that could have been brought originally in federal court "[e]xcept as otherwise expressly provided by Act of Congress." The Supreme Court held that plaintiff bears the burden of finding an express exception to removal jurisdiction "*whenever the subject matter of an action qualifies it for removal.*" 538 U.S. at 698 (emphasis added).[2] This court emphasizes this phrase for reasons that will be apparent later in this discussion.

---

[2] Defendants note that one district court has stated: "It appears that the Tenth Circuit has not had occasion to consider the impact of *Breuer* on its removal jurisprudence, but *Breuer* suggests that, when it does, the result is likely to be a formulation less restrictive of removal jurisdiction." *Bruning v. City of Guthrie,* 101 F.Supp.3d 1142, 1146 (W.D.Okla.2015). *Bruning* dealt with how unanimous consent to removal by defendants must be manifested, an issue not before this court.

In *Dart*, the Supreme Court held that defendants seeking to remove under the Class Action Fairness Act ("CAFA") need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; an evidentiary submission proving the alleged amount in controversy is not required. 135 S.Ct. at 554-56. In its discussion, the Court emphasized that in remanding the case to state court, the district court had "relied, in part, on a purported 'presumption' against removal." *Id.* at 554. On that point, the Court stated that "[w]e need not here decide whether such a presumption is proper in mine-run diversity cases. It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

Defendant City of Henryetta ("the City") contends that these decisions demonstrate that "any presumption against removal jurisdiction previously expressed by the Tenth Circuit no longer applies[.]" (#61 at 4).[3] The court disagrees. A similar argument was rejected in *City of Neodesha v. BP Corp North America Inc.,* 2016 WL 1298087 n.9 (D.Kan.2016). *See also Mitchell v. City of Okmulgee,* 2016 WL 2944667 n.1 (E.D.Okla.2016). Regarding *Dart,* the City asserts: "Although that case involved a removal based on diversity of citizenship,

---

[3] This argument implicates a delicate balance. This court is bound to follow Tenth Circuit precedent. *See United States v. Spedalieri,* 910 F.2d 707, 709 n.2 (10th Cir.1990). Also, this court should be reluctant to infer that the Supreme Court implicitly overruled Tenth Circuit precedent. *See United States v. Allen,* 895 F.2d 1577, 1579 (10th Cir.1990). On the other hand, it can be difficult for the Tenth Circuit itself to address these issues because a remand order based on lack of subject-matter jurisdiction is not reviewable on appeal. *See Auld v. Auld,* 553 Fed.Appx. 807, 808 (10th Cir.2014). In any event, this court finds that the Supreme Court decisions and Tenth Circuit precedent (as applied to this case) are reconcilable.

4

the Court did not limit its application to diversity cases." (#63 at 3). No demonstration of this assertion is made. The fact that the Supreme Court distinguished the case before it (involving CAFA) from "mine-run diversity cases" indicates such a limitation.

In a fusion of the *Breuer* and *Dart* decisions, defendants argue that a defendant need only make a "plausible allegation" of federal jurisdiction in the notice of removal, at which point a burden-shifting takes place, and it becomes <u>plaintiff's</u> burden to show removal was <u>improper</u>. (#60 at 12-14). Again, the court disagrees. Under Tenth Circuit precedent, in an action removed from state court by a defendant on federal question grounds, a defendant bears the burden of establishing that removal was proper on this basis. *See Karnes v. Boeing Co.,* 335 F.3d 1189, 1193 (10th Cir.2003).

As previously stated, to be removable on federal question grounds, "a federal question must appear on the face of the plaintiff's complaint." *Hansen v. Harper Excavating, Inc.,* 641 F.3d 12116, 1220 (10th Cir.2011). Under Tenth Circuit authority, in determining whether a federal question exists to justify removal jurisdiction, a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or the notice of removal. *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1380 (10th Cir.1978). "It is for the plaintiffs to design their case as one arising under federal law or not, and it is not within the power of the defendants to change the character of plaintiffs' case by inserting allegations

5

in the petition for removal." *Warner Bros. Records, Inc. v. R.A. Ridges Distributing Co., Inc.,* 475 F.2d 262, 264 (10th Cir.1973).[4]

Defendant Dombek's argument that, under *Breuer*, the burden is on plaintiff to point to an "express exception" to removal appears unworkable in the present context. As previously stated, the Supreme Court held that plaintiff must find such an exception "whenever the subject matter of an action qualifies it for removal." 538 U.S. 691, 698 (2003). Here, whether the subject matter of the action qualifies it for removal is the very question to be determined. The concept of an "express" exception clearly refers to a statutory exception, as the Supreme Court was dealing with a statutory cause of action and referring to the first clause of 28 U.S.C. §1441(a). *See id.* at 694 ("Removal of FLSA actions is thus prohibited under §1441(a) only if Congress expressly provided as much."). In the present context, if – as defendant Dombek would have it – the burden has shifted to plaintiff to locate an express exception to removal (which does not exist), plaintiff is no longer "the master of his claim," contrary to Tenth Circuit authority.

Next, defendants cite a stipulation of subject matter jurisdiction in the joint status report (#33). Of course, "it is axiomatic that litigants may not stipulate to the existence of subject-matter jurisdiction." *Waltman v. Georgia-Pacific, LLC,* 590 Fed.Appx. 799, 807 (10th Cir.2014). They also cite a jurisdictional statement in the proposed Pretrial Order

---

[4] This last citation is not a suggestion of anything improper about the notice of removal in this case. It is merely to emphasize that in a federal question case, the Tenth Circuit directs focus at the plaintiff's pleading. The discussion in *Dart* of a defendant's "plausible allegation" refers to jurisdictional amount. Obviously, in filing a notice of removal, a defendant must make some allegation of federal jurisdiction.

6

regarding federal jurisdiction being "invoked" upon the ground that "Plaintiff alleges a deprivation of Constitutional rights without due process of law." The next sentence merely sets forth the rationale of (and cites to) the notice of removal, i.e., that plaintiff's first claim is only cognizable under federal law. This latter point is an issue now before this court, and a legally incorrect stipulation is a nullity.

Again, most significant under Tenth Circuit jurisprudence is the state court petition itself. There (as the statement in the proposed Pretrial Order acknowledges) plaintiff's "Petition in State District Court did not specifically reference the Fourteenth Amendment to the United States Constitution, or 42 U.S.C. §1983[.]" Even considering plaintiff's post-removal arguments, the court notes that his responses to the defendants' motions for summary judgment rely on <u>state</u> law in support of his first claim. (*See* #46 at pages 22-25 of 37 in CM/ECF pagination; #47 adopts the argument in #46).

Ultimately, the dispositive issue is whether plaintiff's first claim <u>necessarily</u> states a federal claim. *See, e.g, Dardeau v. West Orange-Grove Consol. Indep. Sch. Dist.,* 43 F.Supp.2d 722 (E.D.Tex.1999)(remand required where plaintiffs had viable due process claim under Texas constitution, without necessarily invoking the federal constitution); *Tatum v. Worley,* 2007 WL 2461979 (M.D.Ala.2007).

Defendants argue that there is no private right of action under the Oklahoma Constitution for the employment claim plaintiff makes in his state court petition and therefore the claim is necessarily federal in nature. The court disagrees. The Supreme Court of

7

Oklahoma has not definitively recognized such a cause of action, but it has not definitively <u>foreclosed</u> it either. In *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla.2013), the court recognized a private right of action for excessive force based on Article 2 §30 of the Oklahoma Constitution. Here, plaintiff makes an employment claim and relies upon Article 2 §7 of the Oklahoma Constitution. ("No person shall be deprived of life, liberty, or property without due process of law").

In interpreting Oklahoma law, "'[i]t is unclear how expansively the Oklahoma Supreme Court will apply the rule and rationale it adopted in *Bosh*.'" *Halley v. Oklahoma,* 2016 WL 1301125, *3 (E.D.Okla.2016)(quoting *Hedger v. Kramer,* 2013 WL 5873348, *3 (W.D.Okla.2013)). A due process claim brought pursuant to Article 2 §7 "raises a novel and complex issue of state law. The scope of *Bosh*'s holding has been a source of considerable disagreement among Oklahoma's federal and lower state courts." *Petty v. Dept. of Human Services,* 2016 WL 3211965, *5 (N.D.Okla.2016). A claim that is "novel and complex" and been the "source of considerable disagreement" has not been foreclosed. The possible applicability against such a claim of *Perry v. City of Norman,* 341 P.3d 689 (Okla.2014) does not create a solely federal claim in the removal context. *See Summers v. Town of Keota,* 2016 WL 3136868, *2 (E.D.Okla.2016).

In *Pellebon v. Oklahoma ex rel. Bd. of Regents of Univ. of Okla.*, 2014 WL 869300 (W.D.Okla.2014), plaintiff alleged he "had a protected property interest in his employment pursuant to the Oklahoma and United States Constitutions." *Id.* at *1. Addressing a motion

8

to remand, the court said "Plaintiff specifically alleged the Oklahoma Constitution's due process protections as an alternate source supporting his state law claims. Under these circumstances, the presence of a federal issue is inadequate to confer jurisdiction." *Id.* at *3.[5] The motion to remand was granted. The same ruling will be made here.

The court regrets the delay in addressing this issue. Still, as previously stated, the court is required to satisfy itself that subject matter jurisdiction exists, even in the removal context. *See Hamilton v. Cheyenne WY Dev. Corp.,* 2010 WL 2650488, *1 (D.Colo.2010)(citing cases).

It is the order of the court that the plaintiff's motion to remand (#59) is hereby granted. Pursuant to 28 U.S.C. §1447(c), this action is remanded to the district court of Okmulgee County, State of Oklahoma.

**ORDERED THIS 19th DAY OF SEPTEMBER, 2016.**

**Dated this 19th day of September, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[5] In the case at bar, plaintiff did not specifically cite the Oklahoma Constitution, but he also did not specifically cite the United States Constitution. Under Tenth Circuit removal jurisprudence, he sufficiently alleged a state law claim.